THE PEOPLE ex rel. SAMUEL LORD et al., Respondents, *v.* OLIVER CROOKS, impleaded, etc., Appellant.

A demurrer must distinctly specify the grounds of objection (Code, § 145), and unless it does so specify it will be disregarded.

Where, therefore, a complaint is demurred to solely on the ground that it does not state facts sufficient to constitute a cause of action, an objection that the plaintiff has not a legal capacity to sue will not be considered.

A misjoinder of parties plaintiff is not a ground of demurrer.

The office of receiver of taxes, provided for by the act "to establish a receiver of taxes, etc.," in the town of Newtown, Queens county (chap. 385, Laws of 1871), is not a new office.  It is, in substance, the same as that of town collector.  Its incumbent is a town officer, whose election or appointment is not provided for by the Constitution, and he can only reach his office by election by the people or by appointment by such authorities of the town as the legislature shall direct, nor can the term of office of an incumbent be extended by statute.

Accordingly, *held*, that the provision of section 1 of said act, extending the term of office of the then incumbent of the office of town collector, under the name of receiver of taxes, was unconstitutional and void.

(Argued October 1, 1873; decided October 10, 1873.)

THIS was an action in the nature of a *quo warranto*, brought for the purpose of testing the title of the defendants, and each of them, to the office of receiver of taxes of the town o" Newtown, Queens county.

The allegations of the complaint are in substance as follows:

The defendant Crooks was elected collector of taxes of the town for one year at the annual town meeting in April, 1871, under the general laws of the State. After the election, and before Crooks had qualified or entered upon the discharge of his duties, the office of collector of taxes of that town was abolished, and all provisions by statute affecting the duties of the office were abrogated and annulled by the act. (Chap. 385, Laws of 1871.) By the same act the office of receiver of taxes of said town was established and the defendant Crooks designated as receiver for three years from December 1st, 1871. The general provisions of the act relative to the powers and duties of the receiver are set forth in the complaint, and are substantially identical with the sections of the Revised Statutes relative to the powers and duties of town collectors, and the territorial jurisdiction of the receiver is the same as that of the collector. (1 R. S., 5th ed., 917, *et seq.*) On the 1st of March, 1872, the supervisors of Queens county issued their warrant for the collection of the taxes assessed against the town for the year 1871 to the defendant Crooks. Crooks immediately gave notice to the taxpayers to pay the taxes to him. The complaint alleges that so much of the act of 1871 (chap. 385) as provides that Crooks shall be receiver of taxes for three years is unconstitutional and void. The plaintiffs demanded judgment of ouster against the defendant Crooks both from the office of collector and the office of receiver. The defendant Crooks demurred on the ground that the complaint did not state facts sufficient to constitute a cause of action. The court at Special Term overruled the demurrer and ordered judgment of ouster.

Upon the appeal the appellant urged in support of the demurrer that some of the plaintiffs have not a legal capacity to sue.—*Held*, as above, the court citing in support of its views as to the demurrer, Code (§ 144), *Haire* v. *Baker* (5 N. Y., 357), *Fulton Fire Ins. Co.* v. *Baldwin* (37 N. Y., 648), *Allen* v. *City of Buffalo* (38 N. Y., 280). As to the unconstitutionality of the act in question, *The People ex rel.* v. *Pinckney* (32 N. Y., 382), *The People ex rel.* v. *Raymond*

(37 N. Y., 428), *The People ex rel.* v. *Bull* (46 N. Y., 57), *The People ex rel.* v. *McKinney* (52 N. Y., 374).

*P. S. Crooke* for the appellant.

*Alexander Hayner* for the respondents.

FOLGER, J., reads for affirmance.
All concur.
Judgment affirmed.