THE PEOPLE OF THE STATE OF NEW YORK ex rel. ISAAC LE Roy, Appellant, v. JAMES H. FOLEY, Respondent.

1. PUBLIC OFFICERS — TIME OF ELECTION. The election of a public officer must be referred to the day upon which the electoral body, in whom the right of election resides, expresses its choice by voting for candidates for the office, and not to some subsequent day when the result is declared; and there is no distinction in this respect between town and other elections.

2. TOWN OF WATERVLIET — ELECTION OF TOWN CLERK — TERM OF OFFICE — LAWS OF 1893, CHAP. 344. Chapter 344, Laws of 1893, approved April 11, 1893, amending the Town Law (Chap. XX of the General Laws) by providing, among other things, that the term of office of town clerks should be two years, did not retroact so as to enlarge from one year the term of office of a person for whom ballots were duly cast and canvassed, as prescribed by law, in the several election districts of the town of Watervliet on the day before the approval of that act, statements of which ballots were delivered to the annual town meeting on the day the act was approved, and the result announced several days thereafter, in pursuance of a special statute (Laws of 1858, chap. 22, § 19), which made it the duty of the annual town meeting board to canvass such statements and declare the result "the same as though said ballots had been polled at such annual town meeting."

3. TOWN OF WATERVLIET — ANNUAL TOWN MEETING — LAWS OF 1858, CHAP. 22. It was within the power of the legislature to authorize by special statute (Laws of 1858, chap. 22) the electors of the town of Watervliet to elect town officers on the day preceding the annual town meeting, and so, in connection with the general statutory provisions in regard to annual town meetings, virtually enact that town meetings in that town should be held upon two successive days.

4. THE TOWN LAW — LAWS OF 1893, CHAP. 344. Chapter 344, Laws of 1893, approved April 11, 1893, amending the Town Law (Chap. XX of the General Laws) can have full effect by confining its application to town elections in which the votes for town officers were actually cast after it took effect, and thus giving to it a prospective operation.

5. TOWN OFFICERS — EXTENSION OF TERM. The legislature cannot extend the term of a town officer after his election.

Mem. of decision below, 86 Hun, 621.

(Argued March 3, 1896; decided March 10, 1896.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made May 27, 1895, which affirmed a judgment in

favor of defendant, dismissing the complaint upon the merits, entered upon a decision of the court on trial at Circuit without a jury.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Charles B. Templeton* for appellant.   Chapter 344 of the Laws of 1893 took effect and became operative upon its approval by the governor at or about ten-thirty o'clock in the forenoon of Tuesday, the 11th day of April, 1893, its last section providing : " This act shall take effect immediately." (N. Y. Const. of 1846, art. 4, § 9 ; U. S. Const. art. 1, § 7 ; *Fairchild* v. *Gwynne*, 14 Abb. Pr. 121 ; *In re Richardson*, 2 Story, 571 ; *In re Ankrim*, 3 McL. 285 ; *Town of Louisville* v. *Savings Bank*, 104 U. S. 469 ; Suth. on Stat. Const. § 110 ; *In re Kemeys*, 56 Hun, 117 ; Potter's Dwarris on Stat. 101, 102 ; *In re Howes*, 21 Vt. 619.)   Town officers are elected at annual town meeting and at no other time or place. (1 R. S. chap. 11, tit. 2, § 3 ; N. Y. Const. of 1846, art. 6, §§ 17, 18 ; Laws of 1890, chap. 569, § 243 ; Laws of 1829, chap. 356, § 1 ; *People ex rel.* v. *Schiellein*, 95 .N. Y. 24.) The annual election for town clerk and other town officers for the town of Watervliet for the year 1893, was held at the annual town meeting of said town, on Tuesday, April 11, 1893, at twelve o'clock noon,. and was held pursuant to the Constitution and the town law as amended by said chapter 344 of the Laws of 1893, and in the manner provided by chapter 22 of the Laws of 1858.   (Laws of 1858, chap. 22, §§ 19, 20.) The purpose of the act of 1858 could not have been to change the time or place of the election for town officers. (Const. of 1846, art. 3, § 16.)   The annual town election for officers of the town of Watervliet, held in April, 1893, cannot be construed to have been had on Monday, April tenth, instead of Tuesday, April eleventh, at the annual town meeting held at noon of the latter date   (8 Misc. Rep. 196.)   But if it shall· be held that the election was legally in progress before the act- of 1893 was effective, and before the annual town

meeting was held, Tuesday noon, then it must be held that the act of 1893 took effect before the process of election was completed, and the relator was elected for a term of two years. (*People ex rel.* v. *North,* 72 N. Y. 124; *People ex rel.* v. *Crissey,* 91 N. Y. 616; Laws of 1858, chap. 22, § 18.)

*Eugene McLean* for respondent. The relator's contention, founded on the fact (if it be a fact), that the act of April eleventh was signed by the governor in the forenoon of that day, before the organization by the town board of the annual town meeting (so called), and hence in force when the result of the election of town officers was officially ascertained and declared, is untenable. (*Smith* v. *People,* 47 N. Y. 330; *People ex rel.* v. *Butler,* 147 N. Y. 164.) If the construction contended for by the relator were given to the statutes it would not avail him anything, as it would render the act of April 11, 1893, unconstitutional and void, in so far as it had any application to the extension of the term of office to the town of Watervliet for that year. (N. Y. Const. of 1846, art. 10, § 2; N. Y. Const. of 1846, art. 6, § 18; *People ex rel.* v. *Crooks,* 53 N. Y. 648; *People ex rel.* v. *McKinney,* 52 N. Y. 374; *People ex rel.* v. *Bull,* 46 N. Y. 57; Endlich on Interp. of Stat. § 178; *N. Y. & O. M. R. R. Co.* v. *Van Horn,* 57 N. Y. 473.)

O'BRIEN, J. This was an action in the nature of a quo warranto brought in the name of the attorney-general to oust the defendant from the office of town clerk of the town of Watervliet, in the county of Albany, upon the allegation that he had wrongfully intruded into the same, without color of right or authority of law. It is conceded that the relator was elected to that office at the town meeting held in the town in the month of April, 1893. The dispute arises wholly with respect to the duration of the term which he was elected to fill, whether one or two years. The defendant is in possession of the office under color of an election by the people held at the town meeting in April, 1894, but if the term for which the relator

680     People ex rel. Le Roy *v.* Foley.     [Mar.,

Opinion of the Court, per O'Brien, J.     [Vol. 148.

was elected in 1893 was two years, there was no vacancy to fill in the following year, and consequently the defendant's claim to the office cannot be sustained.

The election of town officers in this town is regulated by a special statute (Laws of 1858, ch. 22), which provides for the division of the town into convenient election districts, and enabling the electors to vote for town officers by ballot on the day preceding the day prescribed by law, in each year, for holding the general town meeting. The annual town meeting was held in the town on the 11th day of April, 1893, but, under the statute referred to, the votes of the electors for town officers were cast on the day preceding; that is, on the 10th day of April, in the various election districts of the town, and on that day duly canvassed by the several boards of inspectors, and statements in writing as to the result made and signed by the boards in all the districts. These statements were delivered to the board of the annual town meeting, held on the succeeding day, and, under the statute, it then became the duty of this board to canvass the statements and declare the result of the election for town officers in the whole town, "the same as though such votes had been polled at such annual town meeting." (§ 19.) The result was declared by the board on the 16th of April, 1893, and the relator was found to be duly elected town clerk, and subsequently qualified and entered upon the duties of the office.

On the 11th of April, 1893, the day of the annual town meeting, and the day that the several statements of the result of the voting for town officers in the several districts were delivered to the town board, the governor, at about half-past ten o'clock in the forenoon, signed and approved chapter 344 of the Laws of that year, amending the Town Law and providing, among other things, that the term of office of town clerks should be two years. The claim of the relator is that he was elected after this statute took effect, and hence his official term was two years. We think that this contention cannot be sustained. The electors of the town expressed their choice for the office of town clerk when they deposited their ballots

the day before the amendment went into effect. They voted for the relator to fill an office for one year, which was then the legal term, and not for two years, to which the term was enlarged after the ballots were cast and counted. The amendment of April 11, 1893, enlarging the term of the office of town clerk was purely prospective. It did not affect the term of an officer of the town for whom the electors cast their votes the day before, and could not operate to defeat their intention as thus expressed. The election of a public officer must be referred to the day upon which the electoral body, in which the right of selection resides, expresses its choice by voting for candidates for the office, and not to some subsequent day when the result is declared. There can be no distinction in this respect between town and other elections. When the votes of the electors have been given the choice is made, though the precise result may not be officially ascertained for weeks or months afterwards. The canvass of votes or statements is a ministerial act following the election and evidence of the result, but the will of the voters, expressed by the deposit of their ballots, is the essential thing in every election. The day upon which that essential act is performed in the manner prescribed by law is the day upon which the candidate is really elected, though the choice may not be officially declared till a considerable period afterwards. It follows that the relator's election took place on the 10th day of April, 1893, when the votes were cast, and, as the legal term was one year when the choice was made, that term, as well as the person voted for, entered into and characterized the action of the electors. The statute passed the next day, and, before the official canvass of the statements had been made, did not retroact so as to affect or change the will of the voters expressed by their votes, either as to the candidate or the term of the office, which it must be presumed was in their minds at the time of voting.

That statute can have full effect by confining its application to town elections held, in which the votes for town officers were actually cast after it took effect and thus giving to it a

prospective operation.    The legislature has the power to pre-
scribe the time and manner of holding town meetings for the
election of town officers and the transaction of town business.
It may designate a single day for that purpose or provide, as
it did in this case, for the election of officers on one day and
the transaction of the other general business of the town on
the following day.    The act of 1858 did not change the day
for holding the annual town meeting which was fixed by the
board of supervisors under general laws, but it virtually gave
to the electors of the town two days to transact the business
usually transacted in one in most of the towns of the state.
When this special law is read with the other general provis-
ions in regard to annual town meetings, the electors of
Watervliet were authorized to elect town officers on Monday,
April 10th, and transact the other town business on the fol-
lowing day, thus virtually enacting that town meetings in that
town should be held upon two successive days.    That the
legislature had the power to so enact cannot be doubted.    So
that, although the relator was elected on April 10th, he was
elected at the town meeting within the meaning of the statute.

The amendment of 1893 cannot fairly be applied to this
case without extending the term of the relator, as it existed
on the day of his election, to two years, and this would be an
unconstitutional exercise of power.    The legislature cannot
extend the term of a town officer after his election, since that
would virtually be an appointment to the office during the
period of extension.    The legislature cannot appoint town
officers; they must either be elected by the people of the town
or appointed by such town authorities as the legislature may
designate for that purpose.    (Const. art. 10, § 2.)    The power
of appointment in such cases cannot be directly exercised by
the legislature nor indirectly by extending the term of a town
officer after his election.    It may, of course, enlarge the
official terms of town officers, but such action can operate
only upon officers thereafter elected.    Where the office is to be
filled by one authority and the duration of the term is to be
determined by another the declaration of such duration must

go before the filling, so that each authority may have its legitimate exercise. (*People ex rel. Lord* v. *Crooks*, 53 N. Y. 648; *People ex rel. Williamson* v. *McKinney*, 52 N. Y. 374; *People ex rel. Fowler* v. *Bull*, 46 N. Y. 57.)

It follows that since the act of 1893 did not take effect until the day after the votes for the relator were cast and counted it had no effect upon his official term, but that question must be determined by the prior law under which it had been fixed at one year.

It results from this that the complaint was properly dismissed and that the judgment should be affirmed, with costs.

All concur.

Judgment affirmed.