(35 Misc. Rep. 210.)

### KELLY v. VAN WYCK, Mayor.

(Supreme Court, Special Term, Kings County. June, 1901.)

1. CITY CHARTER—AMENDMENT—TERMS OF OFFICE.
   An amendment to a city charter, purporting to extend the term of city magistrates, is in violation of Const. art. 10, § 2, requiring existing city officers to be elected or appointed by such authorities as the legislature shall designate; such act being in effect an appointment by the legislature, and void.

2. SAME—CITY MAGISTRATES.
   City magistrates are within the provision of article 10, § 2, of the constitution, requiring existing city officers to be elected or appointed by authorities which the legislature shall designate, though their duties have been transferred to officials under a new name.

3. MANDAMUS TO MAYOR.
   An elector of a city has a right to require the appointment by the mayor of officers which he is required by the charter to appoint.

Application by the state, on the relation of John J. Kelly, for a writ of mandamus against Robert A. Van Wyck, as mayor, to require him to appoint four city magistrates. Writ granted.

Sanders Shanks, for petitioner.
W. J. Carr, for respondent.

GAYNOR, J. The terms of the four city magistrates mentioned in the petition concededly expired on the last day of April, 1901. Thereupon it became the duty of the mayor by a mandatory provision of the city charter (section 1394) to appoint their successors. The legislature this year by the amended city charter (section 1392)

purported to extend the terms of the said magistrates until January 1, 1902. But this is violative of section 2 of article 10 of the state constitution, which requires in so many words that existing city officers shall be elected by the electors of the city, or some division thereof, or appointed by such authorities thereof as the legislature shall designate. It has so often been declared by our highest court that an act of the legislature prolonging an incumbent's term to an office which can be filled only by election or appointment as prescribed in the said constitutional provision is in effect an appointment by the legislature, and therefore void, that it is not a subject for discussion. People v. Bull, 46 N. Y. 57, 7 Am. Rep. 302; People v. McKinney, 52 N. Y. 374; People v. Crooks, 53 N. Y. 648; People v. Foley, 148 N. Y. 677, 43 N. E. 171; People v. Palmer, 154 N. Y. 133, 47 N. E. 1084; People v. Cummings, 72 N. Y. 433. The duties and office of magistrate existed at the time of the adoption of the said constitutional provision; indeed, they have existed from time immemorial. That such duties have been transferred by statute from the former magistrates to magistrates with a new name since the last constitution was adopted, does not change the case. The said provision covers and protects the duties of the office in all their transfers by the legislature to newly created officials, and such officials have to be elected or appointed in the said manner prescribed therein, i. e., by the electors of the city or some official or officials thereof. Warner v. People, 2 Denio, 272, 43 Am. Dec. 740; People v. Pinckney, 32 N. Y. 377; People v. Raymond, 37 N. Y. 428; People v. Albertson, 55 N. Y. 50. In this case the appointment is by the legislature. In respect of the duty of the mayor to appoint, this act of the legislature is as though it did not exist; and his neglect to appoint would aid the legislature to override the constitution and keep officials illegally in office.

The right of the petitioner as an elector of the city to a writ of mandamus to require the official duty of appointment to be performed is also beyond dispute. People v. Daley, 37 Hun, 461; People v. Halsey, 37 N. Y. 344; People v. Common Council of City of Brooklyn, 77 N. Y. 503, 33 Am. Rep. 659; People v. Palmer, 154 N. Y. 133, 47 N. E. 1084; People v. Cummings, 72 N. Y. 433. The electors have the right to have these offices filled as required by law.

Let a peremptory writ issue that the appointments be made within two days.