THE VILLAGE OF SARATOGA SPRINGS, Respondent, *v.* NELSON J. VAN NORDER, Appellant.

*Chapter* 178 *of the Laws of* 1901 *designating certain commissioners to establish hack stands in Saratoga Springs is unconstitutional — the penalty for soliciting patronage cannot be enforced.*

Chapter 178 of the Laws of 1901, amending the charter of the village of Saratoga Springs, provided for the consolidation into one board of the then existing sewer and water commission and the board of street commissioners in said village and designated certain persons as commissioners of the consolidated board for the first year. Section 6 of the act directed the commissioners of the consolidated board to purchase a suitable plot of land for a hack stand and to make rules and regulations for the use thereof. Section 7 made it unlawful for any hackman to drive through the streets soliciting patronage and declared every person violating this provision guilty of a misdemeanor and subject to a penalty of twenty-five dollars for each offense.

*Held,* that the designation, in the amendatory act, of the commissioners of the consolidated board for the first year, contravened section 2 of article 10 of the Constitution of the State of New York, providing "All city, town and village officers whose election or appointment is not provided for by this Constitution shall be elected by the electors of such cities, towns and villages, or of some division thereof, or appointed by such authorities thereof as the Legislature shall designate for that purpose; "

That the provision requiring the commissioners of the consolidated board to provide a hack stand was defeated by reason of the illegality of their appointment;

That the clause making it unlawful for a hackman to solicit patronage upon the streets, and imposing a penalty for the violation thereof, was connected with the unconstitutional provisions of the act and must fall with them.

APPEAL by the defendant, Nelson J. Van Norder, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Saratoga on the 21st day of February, 1902, upon the verdict of a jury, and also from an order entered in said clerk's office on the 3d day of March, 1902, denying the defendant's motion for a new trial made upon the minutes.

*T. F. Hamilton,* for the appellant.

*Charles C. Lester,* for the respondent.

SMITH, J.:

Defendant has been charged by the judgment with two penalties amounting to fifty dollars for driving through the streets of Saratoga Springs soliciting patronage as a hackman. These penalties are prescribed by an amendment to chapter 721 of the Laws of 1900, amending the village charter (Laws of 1866, chap. 220) contained in chapter 178 of the Laws of 1901. That act provided for the consolidation into one board of the then existing sewer and water commission and the board of street commissioners in said village. Under this act, certain persons were named as commissioners for the first year. By section 6 of the act, section 34 of the city charter was amended so as to require said commissioners to purchase a suitable plot of land for a hackstand, and to make rules and regulations for the use thereof. By section 7 of the act, two new sections, 35 and 36, were added to the charter. By section 36, as thus added, it was made unlawful for any hackman to drive through the streets soliciting patronage, and every person so doing was declared guilty of a misdemeanor and subjected to a penalty of twenty-five dollars for each offense. Under this section the judgment was recovered.

The defendant insists that this act is in violation of section 2 of article 10 of the Constitution of the State. That section provides: "All city, town and village officers whose election or appointment is not provided for by this Constitution, shall be elected by the electors of such cities, towns and villages, or of some division thereof, or appointed by such authorities thereof as the Legislature shall designate for that purpose. * * *" The functions of these commissioners were functions which had theretofore existed and had been exercised by local officers appointed by local authority. To preserve the right of the municipality to elect or appoint such officers was the evident object of the constitutional provision invoked. I am unable to see by what warrant the Legislature assumed to designate these commissioners. But a discussion of this question is, perhaps, unnecessary, as respondent's counsel, in his brief, makes no claim that this provision in the act is constitutional. His sole argument is to the effect that section 7 of the act by which section 36 is added to the charter, is entirely separate and independent of the provisions of the act claimed to be invalid.

In discussing this question it may be well to have in mind the

limitations of the rule by which certain parts of acts may be declared constitutional while other parts are unconstitutional. In Black's Constitutional Law (at p. 63) the text reads: "But when the parts of the statute are so mutually dependent and connected, as conditions, considerations, inducements, or compensations for each other, as to warrant a belief that the Legislature intended them as a whole, and that if all could not be carried into effect the Legislature would not pass the residue independently, then, if some parts are unconstitutional, all the provisions which are thus dependent, conditional, or connected, must fall with them." In Cooley's Constitutional Limitations (3d ed., at p. 195) the author says: "Where, therefore, a part of a statute is unconstitutional, that fact does not authorize the courts to declare the remainder void also, unless all the provisions are connected in subject-matter, depending on each other, operating together for the same purpose or otherwise so connected together in meaning, that it cannot be presumed the Legislature would have passed the one without the other." And further upon page 196: "And if they are so mutually connected with and dependent on each other, as conditions, considerations, or compensations for each other, as to warrant the belief that the Legislature intended them as a whole, and if all could not be carried into effect, the Legislature would not pass the residue independently, then, if some parts are unconstitutional, all the provisions which are thus dependent, conditional, or connected, must fall with them." In the act under review, the appointment of these commissioners by the Legislature was in excess of legislative authority. They are required to provide a hackstand whereat carriages may stand for hire. This requirement falls by reason of the illegality of their designation. It is then provided in the act that a hackman who shall drive along the streets soliciting patronage shall be guilty of a misdemeanor and be subject to penalties. It is urged by respondent that the requirement that a hackstand should be provided cannot be deemed connected with the provision making it penal to solicit patronage upon the streets, because under the old charter ample provision was made for the construction of a hackstand. But under the old charter, permission only was given to construct a stand. Under the act in question, the commissioners were required to provide such a stand. This distinction would seem to indicate that

the provision for a stand was a compensation and inducement to the restriction placed upon the vocation; that they were part of one scheme of legislation with a single legislative purpose. It is a fair presumption that the Legislature would not deprive the hackmen of the right to solicit patronage upon the street without the provision of some substitute, as of a hackstand, where they could be found and hired for the work in which they were engaged. The contention of the respondent, therefore, that that part of the act under which these penalties were recovered may stand independently of the unconstitutional provisions contained therein is not, we think, well founded. The entire act, therefore, comes within the constitutional condemnation. These views lead to the reversal of the judgment and the order, with costs, and to a dismissal of the complaint, with costs.

All concurred.

Judgment and order reversed, with costs, and complaint dismissed, with costs.