(41 Misc. Rep. 114.)

In re HAASE, City Chamberlain.

(Supreme Court, Special Term, Chemung County.   June, 1903.)

**1.** MUNICIPAL CORPORATIONS—OFFICERS—CITY CHAMBERLAIN—TERM OF OFFICE
  —STATUTES—CONSTITUTIONAL LAW.

  Laws 1903, p. 12, c. 8, § 6, created a vacancy in the appointive public
  office of chamberlain in the city of Elmira, and enlarged the present in-
  cumbent's term from its expiration until December 31, 1903.  *Held*, that
  so much of the act as enlarged the present incumbent's term was uncon-
  stitutional, as beyond the Legislature's power, and as depriving the com-
  mon council of the city of its legal right to fill the vacancy.

**2.** SAME—CUSTODY OF OFFICE—BOOKS AND PAPERS.

  The appointee of the common council of the city, at the termination
  of the incumbent's previous term, as against such incumbent, was en-
  titled to the custody of the office, and possession of the books and papers
  thereof.

Application by Henry J. Haase, as chamberlain of the city of El-
mira, N. Y., for an order directing Seymour Lowman to turn over to
petitioner the books and papers belonging to the city chamberlain's
office.   Application granted.

Reynolds, Stanchfield & Collin, for applicant.
Richard H. Thurston, for Seymour Lowman.

FORBES, J.   This is a proceeding, under section 2471a of the
Code of Civil Procedure, for an order directing Seymour Lowman to
turn over to Henry J. Haase, as the chamberlain of the city of Elmira,
the books, papers, etc., belonging to said office.   The facts are undis-
puted, and therefore must be taken as conceded, under the order to
show cause.   Seymour Lowman was duly and regularly appointed as
chamberlain of said city, and duly qualified and entered upon the dis-
charge of his duties as such on the 10th day of March, 1900.   His
term of office expired on the 10th day of March, 1903; said Lowman
having held said office and having performed the duties thereof for
three full years from the date of his appointment.   On the 23d day
of March, 1903, Henry J. Haase was appointed chamberlain by the
common council of the city of Elmira, consisting of the mayor and
aldermen of said city.   The said Haase thereafter qualified as such
chamberlain, on the 25th day of March, 1903, by taking the constitu-
tional oath of office authorized by law, which was filed in the office of
the clerk of said city.   Thereafter the said Haase executed his bond,
with sufficient sureties thereto, in the sum of $100,000 (that being the
sum designated by the common council of said city), conditioned for
the faithful performance of the duties of his office, as prescribed by
law, and under the ordinances and resolutions of said common council.
On the 28th day of April, 1903, said bond was approved by the com-
mon council of said city, and within six days thereafter, on the 29th
day of April, 1903, said bond was filed in the office of the clerk of the
county of Chemung, with a certificate of the approval of the common
council indorsed thereon.   On the 30th day of April, 1903, the said
Haase duly demanded of said Lowman the possession of the office of
chamberlain of the city of Elmira, and of all books and papers belong-
ing and pertaining thereto, and the said Lowman refused to yield said

office and to deliver said books and papers. On the same day said Haase served upon said Lowman a written demand for the books and papers belonging and pertaining to said office. Said Seymour Lowman still withholds said office, and is retaining in his custody and possession the books and papers belonging thereto. All these facts are shown by the moving papers.

Said Lowman claims to be exercising the duties of the office of chamberlain in and for the city of Elmira under chapter 8, § 6, p. 12, of the Laws of 1903, entitled:

"An act to revise the charter of the city of Elmira; and the several acts amendatory thereof and supplementary thereto, relating to ward boundaries, the election and appointment of city officers and their term of office. Passed without the acceptance of said city. Became a law, February 27, 1903, with the approval of the Governor."

It will be seen that this act does not of itself alter the chamberlain's term of office, under the charter (title 2, § 6), as amended by the Laws of 1894, c. 615, p. 1388. The appointment of city chamberlain was there to be made by the common council, consisting of the mayor and the aldermen of said city, and the term of such appointment is for three years. The act of 1903 provides for the same term of office, the same method of appointment, except that the said act declares a vacancy in the office at the expiration of said Lowman's term, and provides for a holding over by him until the 1st day of January, 1904, designating him as the person to continue said office.

It is claimed on the part of Haase, the applicant, that the holding over of said Lowman is unlawful. The act of 1903 does not in terms repeal section 6 of title 2 of the former law, but it is claimed on the part of Lowman that the law is repealed by implication. The Legislature has assumed the power to vacate the office of said Lowman, and has then continued him as chamberlain in the performance of the duties of that office, instead of designating the common council of said city to make that appointment. It is asserted on the part of the applicant that this is a usurpation of the power and duties of the common council, and is an attempt on the part of the Legislature to control and exercise that power without the consent of said city, and its common council.

The chamberlain is a public officer—made so by the charter of said city (title 2, §§ 4, 5, p. 10, as amended by Laws 1895, p. 518, c. 371). People v. Bedell, 2 Hill, 196; Allison v. Welde, 172 N. Y. 421, 429, 65 N. E. 263. There are no changes made in section 6 of the old law, except the extension of the term of office of chamberlain, and a new time is fixed for the appointment to be made by the common council. There is no distinction which can be made between an elective and an appointive officer, notwithstanding the case of People ex rel. Hill v. Bull, 46 N. Y. 57, 7 Am. Rep. 302. The Legislature has the right to empower a class of officers to make appointments of other officers, and to prescribe the manner in which those appointments may be made. Village of Saratoga Springs v. Van Norder, 75 App. Div. 204, 77 N. Y. Supp. 1020; Rathbone v. Wirth, 150 N. Y. 459, 45 N. E. 15, 34 L. R. A. 408; People ex rel. Balcom v. Mosher, 163 N. Y. 41, 57 N. E. 88; People v. Dooley, 171 N. Y. 74, 63 N. E. 815; Allison v. Welde,

172 N. Y. 421, 65 N. E. 263; People ex rel. Metropolitan St. R. Co. v. Tax Com'rs, 174 N. Y. 433–435, 67 N. E. 69. It is obvious that there could have been an unquestionably legal way provided in the act of 1903 for the common council to fill this vacancy, but that was not done. A vacancy was created by the act and by limitation of law. Laws 1903, c. 8, § 6; People ex rel. Lovett v. Randall, 151 N. Y. 497, 45 N. E. 841.

The enlargement of Lowman's term does not legally extend the term of his office. His term could not be abridged, nor could it be extended. People ex rel. Lovett v. Randall, supra. There is no power in the Legislature, by a purely legislative act, to fill the vacancy, nor to extend the term of office. People v. Bedell, 2 Hill, 196; People ex rel. Bolton v. Albertson, 55 N. Y. 50; Village of Saratoga Springs v. Van Norder, 75 App. Div. 204, 77 N. Y. Supp. 1020; Kelly v. Van Wyck, 35 Misc. Rep. 210, 71 N. Y. Supp. 814; People ex rel. Le Roy v. Foley, 148 N. Y. 677, 43 N. E. 171; Rathbone v. Wirth, 150 N. Y. 459; 45 N. E. 15, 34 L. R. A. 408; People ex rel. Lovett v. Randall, 151 N. Y. 497, 45 N. E. 841; People ex rel. Eldred v. Palmer, 154 N. Y. 133, 47 N. E. 1084; People ex rel. Balcom v. Mosher, 163 N. Y. 32, 57 N. E. 88, 79 Am. St. Rep. 552; People v. Dooley, 171 N. Y. 74, 63 N. E. 815; Allison v. Welde, 172 N. Y. 421, 65 N. E. 263; People ex rel. Metropolitan St. R. Co. v. Tax Com'rs, 174 N. Y. 433–435, 67 N. E. 69. There being a vacancy in the office of chamberlain, the common council still had the power, and, I think, the only legal authority, to fill the vacancy. People ex rel. Balcom v. Mosher, 163 N. Y. 32, 57 N. E. 88, 79 Am. St. Rep. 552; People ex rel. Metropolitan St. R. Co. v. Tax Com'rs, 174 N. Y. 434, 435, 67 N. E. 69; Public Officers Act, § 5; Charter of Elmira, § 235, p. 186.

An appointment having been duly made by the common council, the officer so appointed has the legal right to the custody and the possession of the books and papers belonging to said office, under section 2471a, Code Civ. Proc. Matter of Guden, 71 App. Div. 422, 75 N. Y. Supp. 794; Matter of Bradley, 141 N. Y. 527, 36 N. E. 598; Matter of Brenner, 170 N. Y. 185, 63 N. E. 133; Matter of Guden, 171 N. Y. 529, 64 N. E. 451, affirming 71 App. Div. 422, 75 N. Y. Supp. 794.

While it is not the province of this court to pass upon the title to the office of chamberlain of said city, still the question of the rights of the parties is so closely related to the constitutionality of said act that the conclusion reached, I think, is clearly warranted, as the basis of the order to be made on this application. The application directing Mr. Lowman to turn over all the books and papers belonging to said office must therefore be granted, with costs. Accordingly an order may be entered to that effect.

Application granted, with costs.