THE STATE OF CONNECTICUT EX REL. JOSEPH A. BERGIN *vs.* AUGUSTUS I. GOODRICH.

Third Judicial District, New Haven, June Term, 1912.
HALL, C. J., PRENTICE, THAYER, RORABACK AND WHEELER, Js.

The board of education of the city of Waterbury, consisting of seven members, elected the respondent its clerk to serve during the pleasure of the board, and he entered upon the performance of the duties of that position and continued therein. Thereafter the terms of the then members expired, and new members were elected and qualified. At a meeting of the new board, all the members being present, a ballot was taken for the election of a clerk. Four votes were cast for the relator and three for another person. The relator's vote was cast for himself, and without it there was no choice. The respondent refused to surrender the office to the relator, and upon an information in the nature of quo warranto it was *held:*—

1. That the respondent would continue in his office until the board by some appropriate action indicated its pleasure that his official relation should cease.

2. That the change in the membership of the board did not affect its legal identity or terminate the respondent's tenure of office.

3. That since the relator's vote was cast for himself, there was no choice in the election under which he claimed, and that the respondent's tenure of office was therefore not terminated by such election.
4. That the information was for that reason properly dismissed.

Submitted on briefs June 6th—decided July 26th, 1912.

INFORMATION in the nature of quo warranto to determine the title to the alleged office of clerk of the board of education of the city of Waterbury, brought to and tried by the Superior Court in New Haven County, *Gager, J.;* facts found and judgment rendered dismissing the information, and appeal by the relator. *No error.*

The respondent was, in January, 1910, elected by the board of education—consisting of seven members—its clerk, to serve during the pleasure of the board. He thereupon entered upon the performance of the duties of that position, and has since continued therein. The terms of service of all the then members of the board had expired on or before January 2d, 1912, and other members had been elected and had qualified. On that day the board met, and, among other things, took a ballot for clerk. All its members were present and voted. Four votes were cast for the relator and three for another person. The mayor, who by virtue of his office presided over the meeting, refused to declare the relator elected, giving as his reason that his election was in violation of § 126 of the city charter, which forbade, among other things, the employment by any board of a member of it to do any work outside of his official duty, and required that all officers of the city should serve without pay.

The relator was one of the members of the board, and voted for himself. He made demand for the office, and for the keys, books, and property relating thereto, which the respondent refused.

Other facts, which have no other significance than as

bearing upon the questions of the legal status of the alleged office and the relator's eligibility therefor, need not be recited.

*John H. Cassidy,* for the appellant (relator).

*Francis P. Guilfoile,* for the appellee (respondent).

PRENTICE, J. The court below ruled that the alleged office in controversy is not a public office, and for that reason dismissed the information. *State ex rel. Stage* v. *Mackie,* 82 Conn. 398, 400, 74 Atl. 759. The appeal charges that this ruling was erroneous, and the briefs of counsel are, for the most part, devoted to a discussion of the question thus presented, and of another hereinafter referred to. We have no occasion to enter upon the discussion of either of these matters, since both are rendered altogether immaterial by the facts, stipulated and found, which disclose that the information was properly dismissed for other manifest reasons, even upon the assumption that the clerkship was a public office.

The respondent rightfully took office in January, 1910, under an appointment at the pleasure of the board. The fact that the board's membership, as it then was, became entirely changed two years later, did not affect its legal identity, or, by force of the change, terminate his tenure of office. *Raymond* v. *Fish,* 51 Conn. 80, 101; *People ex rel. Le Roy* v. *Foley,* 148 N. Y. 677, 43 N. E. 171. Until the board, in some sufficient manner, should indicate that its pleasure was that his existing relations to it should cease, he would be no intruder. It has never passed a vote directly to that effect. It has never taken other action which could be said to accomplish that result, except it be its action of January 2d, 1912, by force of which the relator claims to have been chosen to the position the respondent was filling.

If, as the result of this action, the relator was lawfully chosen, the respondent's term of office was immediately terminated; if he was not, there was not then, and never has been, such termination. The question at issue thus becomes resolved into one as to the legality of the relator's claimed election.

The brief of the relator's counsel attacks the correctness of the mayor's ruling that the relator was ineligible for the position. It matters not whether he was eligible or ineligible. He was one of the seven members of the board; he voted for himself; and without his vote there was no election. He could not be elected by his own vote, and was not elected. *State ex rel. Oakey* v. *Fowler*, 66 Conn. 294, 298, 32 Atl. 162; 33 id. 1005.

There is no error.

In this opinion the other judges concurred.