THE PEOPLE OF THE STATE OF NEW YORK ex rel. ELIHU
  LOVETT, Respondent, *v.* WILLIAM A. RANDALL, Appellant.

1. TOWNS — COMMISSIONER OF HIGHWAYS — TERM OF OFFICE — L.
1893, CH. 344. The provision of chapter 344, Laws of 1893, that if the
electors of a town having but one commissioner of highways should
determine that there should be elected in their town but one commissioner,
one commissioner only should thereafter be elected at each alternate
annual town meeting who should hold his office for two years, did not
become operative upon any particular town until after the prescribed
determination by its electors.

2. ENLARGEMENT OF TERM OF OFFICE. The legislature cannot enlarge
the term of an elected town officer by an act passed after his election;
and, hence, the provisions of chapter 344, Laws of 1893, for the enlarge-
ment of the term of office of certain town highway commissioners from
one year to two years, are to be construed as applicable only to officers
elected after its passage.

3. HOLDING OVER — ELECTION OF SUCCESSOR — L. 1892, CH. 681. By
force of the Public Officers Law (L. 1892, ch. 681, art. 1, § 5), where an
officer subject to its provisions, such as a town commissioner of high-
ways, is lawfully holding over, the office is to be deemed vacant for the
purpose of electing a successor, from and after the expiration of the term
for which the incumbent was chosen, although the term of the office, as
distinguished from the term for which he was chosen, may have been in
the meantime enlarged.

*People ex rel. Lovett* v. *Randall,* 91 Hun, 266, affirmed.

(Argued December 23, 1896; decided January 19, 1897.)

APPEAL from a judgment of the General Term of the
Supreme Court in the second judicial department, entered
December 12, 1895, which affirmed a judgment in favor of
plaintiff entered upon a decision of the court on trial at Cir-
cuit, a jury having been waived.

This was an action of quo warranto to determine the title
to the office of commissioner of highways of the town of
Warwick, Orange county.

The facts, so far as material, are stated in the opinion.

*M. N. Kane* for appellant. The term of office of com-
missioner of highways of the town of Warwick became a term

of two years by virtue of the resolution of the town meeting of March 29, 1853, and of chapter 344 of the Laws of 1893. (*Ely* v. *Holton,* 15 N. Y. 595; *Goillotel* v. *Mayor, etc.,* 87 N. Y. 441; *In re Arnett,* 18 N. Y. S. R. 576; *People* v. *Briggs,* 114 N. Y. 63; *Reid* v. *Bd. Suprs. A. Co.,* 128 N. Y. 373; *Bullock* v. *Town of Durham,* 64 Hun, 382; *Bd. Suprs.* v. *Jones,* 17 N. Y. S. R. 513; *Mortimer* v. *Chambers,* 43 N. Y. S. R. 365–367; *In re Prime,* 136 N. Y. 363; *People ex rel.* v. *Jeroloman,* 53 N. Y. S. R. 249.) A " vacancy " in the legal sense cannot arise in an office where provision is made that the incumbent shall hold over until his successor is chosen and qualifies. (16 Am. & Eng. Ency. of Law, 562; Throop on Pub. Officers, §§ 327, 328, 336, 431; *People* v. *Whitmore,* 10 Cal. 38; *People ex rel.* v. *Van Horne,* 18 Wend. 515; *Tappan* v. *Gray,* 9 Paige, 507; *People ex rel.* v. *Lacombe,* 34 Hun, 401; *People ex rel.* v. *Gardner,* 45 N. Y. 816; *People ex rel.* v. *Woodruff,* 32 N. Y. 355; *People ex rel.* v. *Crissey,* 91 N. Y. 616; *People ex rel.* v. *Fitchie,* 76 Hun, 80.) Other provisions of this section show that the term " vacant " is used here in a different sense than that of " vacant office." (*People ex rel.* v. *Green,* 2 Wend. 275; *Stein* v. *Dixon,* 49 Wis. 333.) That the term " vacant " used in section 5 of the Public Officers Law does not mean a vacant office to be filled like a vacant office, is clearly established by other provisions of the statutes relating to vacancies. (L. 1892, ch. 686, §§ 140, 210.) The Town Law itself absolutely prevents and prohibits the construction here claimed. (1 R. S. §§ 31, 34; L. 1890, ch. 569; *People* v. *Lord,* 9 Mich. 227; *State* v. *Harrison,* 113 Ind. 434.) The Town Law only authorizes an election for highway commissioner to be held at each alternate town meeting. The election of relator was without authority, and was, therefore, null and void. (*People ex rel.* v. *Comstock,* 78 N. Y. 360; *People ex rel.* v. *Dempsey,* 19 Hun, 322; L. 1890, ch. 569, § 17.)

*M. H. Hirschberg* and *T. E. Hancock* for respondent. The maintenance of this judgment does not depend upon the con-

1897.]    People ex rel. Lovett *v.* Randall.    **499**

N. Y. Rep.]    Opinion of the Court, per O'Brien, J.

struction to be placed on chapter 344 of the Laws of 1893. Whether the term of commissioner of highways in the town of Warwick in 1894 was one year or two years, is immaterial in determining the right of the electors to elect a successor to Mr. Randall in 1895. (L. 1892, ch. 681, art. 1, § 5; *People ex rel.* v. *Van Horne,* 18 Wend. 515; *People ex rel.* v. *Woodruff,* 32 N. Y. 355; *People ex rel.* v. *Gardner,* 45 N. Y. 816; L. 1890, ch. 569; L. 1891, ch. 254; L. 1892, chs. 61, 92, 252.)

O'Brien, J. The relator and the defendant each claimed to be entitled to hold the office of commissioner of highways of the town of Warwick, in the county of Orange. The courts below have decided that the relator was entitled to hold the office, and that the defendant was not. The town has had but one commissioner of highways since the year 1857. At the annual town meeting in March, 1893, the defendant was elected to the office for one year. At the annual town meeting in March, 1894, the defendant and the relator were candidates for the office, but no choice was made, the vote being a tie. The defendant continued to perform the duties of the office, holding over under the statute. At the annual town meeting in March, 1895, the relator was again a candidate, without opposition, and received all the votes cast for the office. He qualified and entered upon the duties of the office so far as he could, but it is alleged, and found, that the defendant intruded into it and ousted the relator. The controversy depends upon the tenure of the defendant, as an officer, holding over after the expiration of the term of one year in March, 1894. It is admitted that he could hold the office under the statute until the election of the relator in March, 1895. But the defendant insists that by chapter 344 of the Laws of 1893, passed after his election, the term of the office was extended to two years, and that since the election of 1894 resulted in no choice, he could hold over for a full term of two years, that is to say until March, 1896, and that, consequently, there was no vacancy in the office in

March, 1895, when the votes were cast for the relator, and, therefore, he was never elected to the office. The real question, therefore, is whether the electors of the town had the power to make choice of a new commissioner at the town meeting in March, 1895. If they had, the result of the election has displaced the defendant and conferred the office upon the relator.

We think that the defendant's contention cannot be sustained for the following reasons :

1. The act of 1893, above referred to, did not absolutely extend the term to two years. It empowered the electors of the town, at their annual town meeting, to determine by resolution whether they should thereafter elect one or three commissioners. If they determined to elect only one, and the town was one having but one commissioner, thereafter only one should be elected at each alternate town meeting who should hold his office for two years.

The statute did not operate upon the town of Warwick, until some action had been taken by the electors, and since no such action was had in that town, the defendant's term of office, as it existed at the time of his election, was not changed. It still remained an office to be filled at each annual town meeting, and it was competent for the electors to make a choice in March, 1895.

2. Legislation of this character cannot apply to the term of a town officer already elected. It operates only upon future elections. An act of the legislature extending the term of a town officer, then in office, is virtually an appointment to the office for the extended time. The legislature has no power to appoint a town officer. The Constitution requires that they shall be either elected by the electors, or appointed by some local authority. (*People ex rel. Le Roy* v. *Foley*, 148 N. Y. 677 ; *Rathbone* v. *Wirth*, 150 N. Y. 459.) The defendant had been elected for a term of one year. He was in office under that term when the act was passed. Since it could have no application to him under the Constitution, it should have been construed as applicable only to officers thereafter elected.

The legislature had the power, either with or without the intervention of the electors of the town, to enlarge the duration of the term of office of commissioners of highways, but the change must always precede the election. A town officer chosen by the electors of the town for one year, who has entered upon his term, cannot be kept in office for a longer period by subsequent legislation. His right to the office depends upon the law existing when he was elected.

3. But by section five of article one of the Public Officers' Law (Ch. 681, Laws 1892), while the defendant was expressly authorized to hold over and continue to discharge the duties of the office until his successor was chosen, it was also provided that, after the expiration of the term, the office should be deemed vacant for the purpose of choosing his successor, so that whether the term was one or two years, the office was vacant in March, 1895, for all the purposes of an election, and it was competent for the electors to vote for and elect the relator to the office as they did. The term for which the defendant had been elected had expired, and though he was still in lawful possession of the office, holding over, the statute contemplates the right on the part of the electors to make choice of his successor. In every light in which the case is examined it will be seen, therefore, that there was power to elect a commissioner at the annual town meeting in 1895. That the relator was, in fact, elected to the office at that time is not disputed, and the defendant's right to hold over any longer ceased.

The case was properly decided in the courts below, and the judgment should be affirmed.

All concur.

Judgment affirmed.