(21 Misc. Rep. 370.)

In re BURGER et al.

(Supreme Court, Special Term, Kings County. October 14, 1897.)

1. CORONERS—TERM OF OFFICE—CONSTRUCTION OF STATUTES.
Under Laws 1858, c. 124, as amended by Laws 1862, c. 446, coroners were elected for three years. Const. art. 12, § 3, which went into effect January 1, 1895, provided that the term of coroners thereafter elected should expire at the end of an odd-numbered year. The coroners in office were elected in 1895, and took office January 1, 1896. By Laws 1896, c. 424, it was enacted that they should continue in office four years. *Held*, that the coroners in office elected in 1895 were elected for two years, and hence Act 1896 is void.

2. SAME—PARTIAL INVALIDITY OF STATUTE—EFFECT.
The portion of Laws 1896, c. 424, extending the two-year term of coroners elected in 1895 to four years, being void, the remainder of the act, making the term of coroners thereafter elected four years, and calling for an election in 1899, leaving a vacancy in office for two years, is inseparable from the rest, and must fall with it.

3. SAME—GREATER NEW YORK CHARTER—CONSTRUCTION.
The term of coroners in office in Greater New York expires in 1897. The Greater New York charter, which goes into effect January 1, 1898, provides, in section 1570, for the election of coroners "hereafter," etc., but in section 1611 it declares that, where an election is required to be held before January 1, 1898, as to such election the charter shall take effect on its passage. *Held*, that said section embraces the election of such coroners, and an election for such office in 1897 is proper.

This was an application of one Burger and others for a writ of mandamus to compel the board of elections of the city of Brooklyn to receive the certificate of nomination of coroners for the borough of Brooklyn. Granted.

N. H. Clement, for the motion.
J. A. Burr, Corp. Counsel, opposed.

GAYNOR, J. Coroners have heretofore been elected in Kings county under chapter 124 of the Laws of 1858, as amended by chap-

ter 446 of the Laws of 1862. This act provided for the election of two coroners whose terms should be for three years. By section 3 of article 12 of the new state constitution, which went into effect on January 1, 1895, it was provided that the term of such coroners thereafter elected should expire at the end of an odd-numbered year. To conform to this the term had to be changed to two years or some multiple thereof. The two coroners now in office were thereafter elected at the general election of 1895, and took office on January 1, 1896. Thereafter, viz., by chapter 424 of the Laws of 1896, it was enacted that they should continue in office for four years, and that thereafter their successors should be elected for four years. When they were elected the words of the statute were, as we have seen, that they should be elected for three years; but this stood modified by the constitutional requirement that their terms should end with an odd-numbered year. To accomplish that, and keep within the term limited by the statute, they could only be elected for two years. Hence they were chosen for a term of only two years. If this be not so, we should have to say that they were chosen for a term longer than that allowed by the statute, and unlimited in duration. Having been chosen for two years, the said act of 1896 prolonging their term to four years is void. Const. art. 10, § 2; People v. Randall, 151 N. Y. 497, 45 N. E. 841. It follows that it is now time to elect their successors, unless, as is contended, the part of the act of 1896 calling for an election of their successors in 1899, and prescribing a four years term for the future, may stand, though the rest of it be declared void; in which case there is to be a vacancy during the next two years, to be filled by holding over, or by appointment. I do not think that part of the act survives. It is not independent, or separable from the main part and purpose of the act, viz., to lengthen the term. It was fitted to the first part of the act, and enacted only because it was enacted, and as part of it. It cannot be seen that it would, or even might, have been enacted if the first part had not been, for it was clearly enacted only because it was made necessary by the first part. It is a part of the single scheme and purpose of the act. No reason or purpose can be assigned for its enactment, except as a complement of the first part. It is not possible to suppose the legislature would have passed it alone, and that is the test. People v. Kenney, 96 N. Y. 302; Lawton v. Steele, 119 N. Y. 241, 23 N. E. 878; Warren v. Mayor, 2 Gray, 84; Pollock v. Trust Co., 158 U. S. 601, 15 Sup. Ct. 912. I do not see that the decision in the Bull Case, 46 N. Y. 57, requires me to hold otherwise. That was a border case, and the decision of it does not seem to be wholly consonant with the later decisions of the same court.

Under the said statutes of 1858 and 1862, the coroners were county officers, but section 1570 of the Greater New York charter makes their successors city officers, and provides for their election. It being the case that coroners were to be elected at the present election, it seems to me that the new charter contemplates and embraces such case. Why not? The purpose of the charter and of the supplementary election act passed concurrently with it (chapter 381),

is to have the new city start with all its offices filled, and to have them filled at the present election. It even expresses its purpose in section 1612 to prevent any interregnum. And the said section 1570 provides for the election of coroners. It says "hereafter," however, which gives rise to the contention that it had reference only to elections after January 1, 1898, when the charter, as provided by section 1611, goes into full effect. But the same section provides that where by the terms of the act an election is required to be held prior to January 1st, the act shall take effect in reference to such election from the time of its passage. I think the election of coroners at this election is required by the act. It certainly contemplates and requires that successors to the present coroners shall be elected, and as their terms expire this year, it must contemplate and require the election of their successors at this election.

Let the writ issue.