The People of the State of New York ex rel. Charles Smith, Appellant, *v.* H. Luther Weeks, Town Clerk of the Town of Hempstead, Respondent.

Nassau (County of) — Invalidity of Resolution of Board of Supervisors of Nassau County, Passed April 9, 1901, Providing That Biennial Town Meetings in Said County in the Year 1903 and Thereafter Should Be Held on the First Tuesday After the First Monday in November.   A resolution, passed by the board of supervisors of Nassau county on April 9, 1901, seven days after the election of such board for the term of two years from the date of such election, providing that the biennial town meetings in said county in the year 1903 and thereafter should be held on the first Tuesday after the first Monday in November, is not supported by the statute (L. 1901, ch. 391), by which such resolution was claimed to be authorized, since the statute did not become a law until April 17, 1901, eight days after the passage of the resolution, and was not intended to be retroactive in its effect, its provisions being in terms limited to town officers "hereafter elected," and to cases where the resolution changing the town meeting is "thereafter" adopted; neither is such resolution authorized by chapter 374 of the Laws of 1900, nor by chapter 191 of the Laws of 1901, which are the only statutes, prior to chapter 391 of the Laws of 1901, authorizing boards of supervisors to provide for the holding of town meetings at the time of general elections · in the fall, since the resolution in question attempted to extend the term

of the town officers then in office beyond the period of two years, the term fixed for such officers by chapter 191 of the Laws of 1901, and hence the resolution was not only without statutory authority in its support, but was in violation of it, and, therefore, in violation of section 26 of article III of the Constitution, which provides that members of boards of supervisors shall be " elected in such manner and for such period as is or may be provided by law."

*People ex rel. Smith* v. *Weeks*, 87 App. Div. 610, affirmed.

(Argued October 5, 1903; decided October 8, 1903.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered September 28, 1903, which affirmed an order of Special Term denying a motion for a peremptory writ of mandamus.

The nature of the proceeding and the facts, so far as material, are stated in the opinion.

*Fred. Ingraham* and *Henry A. Monfort* for appellant. It is competent for the legislature, under the Constitution, to lengthen the terms of office of town officers in advance of their election. (Const. of N. Y. art. 10, § 2; *People ex rel. Williamson* v. *McKinney*, 52 N. Y. 374; *People ex rel.* v. *Foley*, 148 N. Y. 677.) Although, at the time of the passage of the resolution assailed, the legislature had not expressly declared that, in case of such a change in town meeting day, the present incumbents of the town offices should hold over and continue in office until their successors should be elected and had qualified, yet such an intent on its part is clearly to be inferred from section 10 of the Town Law as amended in 1898, and as it then stood. (*Riggs* v. *Palmer*, 115 N. Y. 506; *People ex rel.* v. *Crennan*, 141 N. Y. 239; *People* v. *U. Ins. Co.*, 15 Johns. 358.)

*Edgar Jackson* for respondent. The assumption that the resolution of the board of supervisors of April 9, 1901, was effective, and the supervisors and town officers hold over after the expiration of their terms until successors can be elected, is not tenable. (Const. of N. Y. art. 3, §§ 18, 26; *People ex rel.* v. *Bull*, 46 N. Y. 57.) The assumption that there was no exten-

sion of term caused by the supervisors' resolution of April 9, 1901, but that the electors cast their ballots with the contingency in view that the supervisors might make their own terms and those of all officers of the towns expire on the 1st day of January, 1904, instead of in April, 1903, *i. e.*, that the statute impliedly extended or shortened the terms of supervisors and town officers, making such extension or shortening contingent upon a change in time of holding town meeting, is not tenable. (L. 1901, ch. 191, § 13 ; Const. of N. Y. art. 10, § 3 ; *People ex rel.* v. *Palmer,* 154 N. Y. 133.) The appellant cannot seriously contend that two biennial town meetings can be held in the same year. The statute provides that the electors shall biennially and not twice in one year assemble and hold meetings. (L. 1900, ch. 374, § 10 ; L. 1901, ch. 191, § 13.) The term of town officers already duly elected cannot be extended by the legislature or board of supervisors. (*People ex rel.* v. *Foley,* 148 N. Y. 677 ; *People ex rel.* v. *Randall,* 151 N. Y. 497.) The legislature cannot authorize any county officer to appoint or extend the term of town officers. (*Matter of Brenner,* 170 N. Y. 50 ; *Rathbone* v. *Wirth,* 6 App. Div. 277 ; 170 N. Y. 459 ; *People ex rel.* v. *Albertson,* 55 N. Y. 50 ; *People ex rel.* v. *McKinney,* 52 N. Y. 374.)

*John Vincent* for William H. Jones, intervening. The supervisors elected in 1901 were elected for two years only. That was the duration of their term as fixed by statute when that election was held. They were, therefore, entitled to hold office for the period fixed by the legislature under constitutional authority, or until April, 1903, and no longer. Their terms could not be abridged or extended, either by their own act or by an act of the state legislature, without violating the State Constitution. (L. 1901, ch. 391, § 2 ; *People ex rel.* v. *Palmer,* 154 N. Y. 133 ; *Ashton* v. *City of Rochester,* 133 N. Y. 187 ; *Nichols* v. *McLean,* 101 N. Y. 526 ; *Gardner* v. *Gardner,* 87 N. Y. 14 ; *Sage* v. *Harpending,* 49 Barb. 166 ; *Tyler* v. *Willis,* 35 Barb. 213 ; 13 Abb. Pr. 369 ; *Stevens* v. *Stevens,* 69 Hun, 332 ; *Marcellus* v. *Countryman,* 65 Barb.

201; *Coburn* v. *Woodworth,* 31 Barb. 381; *Matter of Ransier,* 26 Misc. Rep. 582.)

*Halstead Scudder* for Girdell V. Brower, intervening. The town meeting held in April was not a nullity either in whole or in part. (*Gray* v. *Scott,* 31 Misc. Rep. 131; 57 App. Div. 630.) The term of an elective officer cannot be extended during the incumbency of the occupant. (*People ex rel.* v. *Scott,* 31 Misc. Rep. 131; 57 App. Div. 630; *People ex rel.* v. *Foley,* 148 N. Y. 677; *People ex rel.* v. *Randall,* 151 N. Y. 497; *People ex rel.* v. *McKinney,* 52 N. Y. 374; *People ex rel.* v. *Schiellein,* 95 N. Y. 127; *People ex rel.* v. *Blair,* 21 App. Div. 217, 218; 154 N. Y. 734; *People ex rel.* v. *Palmer,* 154 N. Y. 133.) The resolution adopted by the board of supervisors of Nassau county in April, 1901, was invalid in so far as it changed the time of town meeting from April to November in 1903. (*Matter of Seaman,* 82 App. Div. 643.) The April, 1901, resolution must stand on the authority of the statutes in force at the time it was enacted and in default of authority being found for its enactment in those statutes it must fall. (L. 1900, ch. 374; L. 1901, ch. 191; *People ex rel.* v. *Palmer,* 154 N. Y. 133.)

*George Wallace* for James M. Seaman, intervening. The term of elective officers cannot be extended by the legislature or by the supervisors. (*People ex rel.* v. *Scott,* 31 Misc. Rep. 131; 57 App. Div. 630; *People ex rel.* v. *Foley,* 148 N. Y. 677; *People ex rel.* v. *Randall,* 151 N. Y. 497; *People ex rel.* v. *McKinney,* 52 N. Y. 374; *People ex rel.* v. *Schiellein,* 95 N. Y. 127; *People ex rel.* v. *Blair,* 21 App. Div. 217; 154 N. Y. 734; *People ex rel.* v. *Palmer,* 154 N. Y. 133.)

PARKER, Ch. J. The county of Nassau came into existence January 1, 1899, by ch. 588, Laws 1898, section 5 of which provided that the first meeting of the board of supervisors should be held January 3, 1899.

During such session the board passed an act pursuant to

198        People ex rel. Smith *v.* Weeks.        [Oct.,

Opinion of the Court, per Parker, Ch. J.        [Vol. 176.

statute (Ch. 481, Laws 1897) fixing the first Tuesday in April as the time when biennial town meetings should be held. Such an election was held April 2, 1901, and seven days later the board of supervisors, the members of which had been elected at that meeting, passed a resolution providing that the biennial town meetings in the year 1903 and thereafter should be held on the first Tuesday after the first Monday in November.

The authority for this resolution was deemed by the board to be furnished by an amendment (Ch. 191, Laws 1901) to section 10 of the Town Law, which for the first time permitted boards of supervisors to change the time of holding biennial town meetings to the fall. But for the passage of this resolution the biennial election would have been in April, 1903, in pursuance of the provision of the resolution first adopted. The operation of the statute upon the resolution first adopted fixed the term of office for which the supervisors were elected in 1901 at two years. One of the results accomplished by the resolution of April 9, 1901, if it was a valid resolution, was to extend the term of office of those supervisors several months.

In March, 1903, and upon the last day fixed by the statute for filing certificates for independent nominations for town officers at a spring election, certificates of nomination for the offices of supervisor, town clerk and all other town offices were duly presented to the town clerks of the several towns of the county of Nassau. The clerks refusing to receive such certificates, Mr. Justice Gaynor made an order directing said town clerks to receive such certificates, and to call an election in the several towns, which was done, an election held and the successful candidates inducted into office. That order was affirmed by the Appellate Division of the second department, and an appeal taken to this court; but it was not heard, because the election having passed, and the candidates having taken possession of their offices, the question had become purely an academic one.

August 3, 1903, relator demanded of the clerk of the town of Hempstead that he make and transmit to the county clerk a,

notice stating each town officer to be voted for at a biennial town meeting to be held on the first Tuesday after the first Monday in November, 1903, pursuant to the resolution of the board of supervisors (*supra*). The town clerk refused, and relator applied for an order compelling him to make and file such a list. The application was denied. After affirmance by the second Appellate Division an appeal was taken to this court.

The leading question presented is whether the resolution of April 9, 1901, was in all things valid, for if it was the order to compel an election in April, 1903, should not have been granted, and the proper time for the election will be on the first Tuesday after the first Monday in November, 1903.

The necessity for a prompt decision in order that the officials charged with the responsibility of the local election machinery may be advised of their duty in the premises prevents us from doing much more than presenting briefly the conclusion at which we have arrived, which is, that there was no statutory authority for the passage of a resolution like the one in question, extending the term of office of the officials affected.

The resolution of April 9, 1901, is not supported by ch. 391, Laws 1901, because (1) such act did not become a law until April 17, 1901, eight days after the passage of the resolution; and (2) an examination shows the statute was not intended to be retroactive in its effect, for its provisions are in terms limited to town officers "hereafter elected," and to cases where the resolution changing the town meeting is "thereafter" adopted.

The April 9th resolution, therefore, must find its support, if at all, in prior statutes. The first act authorizing boards of supervisors to provide for the holding of town meetings at the time of general elections in the fall is chapter 374, Laws 1900. The next and only other statute on the subject, prior to the resolution in question, is chapter 191, Laws 1901. It was possible under these acts to have provided for a change of town elections from spring to fall without offending against

article III, section 26, of the Constitution, which provides that members of boards of supervisors shall be " elected in such manner and *for such period* as is or may be provided by law." This could have been accomplished by a resolution in the form suggested by respondent's counsel, to wit:

" The biennial town meetings in the several towns of the county of Nassau in the year 1903 shall be held in April, pursuant to the resolution passed by this board January 3, 1899. At said town meeting there shall be elected a supervisor, town clerk, et al. (comprising list of town officers) whose term of office shall begin at the expiration of the term of their predecessors, and shall end at midnight on December 31, 1905. A town meeting to elect the successors to the said town officers shall be held on the first Tuesday after the first Monday in November, 1905, and the town officers elected thereat shall take office on January 1, 1906; thereafter town meetings shall be held on the first Tuesday after the first Monday in November."

A resolution in that form would have been fully authorized by the statutes referred to, and would not have offended against any provision of the Constitution.

The resolution adopted, however, attempted to extend the time of the town officers then in office beyond the period of two years authorized by chapter 191, Laws 1901, for which term they had been elected, and hence was not only without statutory authority in its support, but was in violation of it. The resolution, therefore, was without authority and void, and the decision below should be affirmed, without costs.

O'BRIEN, BARTLETT, MARTIN, VANN, CULLEN and WERNER, JJ., concur.

Order affirmed.