(43 Misc. Rep. 214.)

## LANE v. TILTON.

(Supreme Court, Trial Term, Suffolk County. March, 1904.)

**1. Town Trustees—Common Lands—Term of Office.**

Town Law, as amended by Laws 1897, p. 610, c. 481, providing for biennial elections of town officers, does not apply to trustees of the freeholders and commonalty of a town to whom the control of the common lands of the town is given, such office existing only under a colonial patent and local statutes, so that the trustees elected in 1901 were elected for one year only, as provided by legislation prior to such amendment.

**2. Same.**

Where, shortly before the election of trustees of the freeholders and commonalty of a town, having control of the common lands of the town in 1902, chapter 133, p. 398, Laws 1902, was passed, providing that they should be elected for a term of two years, such law did not extend the term of trustees elected in 1901, who under the former legislation held office for one year, as such trustees are local officers whose terms of office could not be extended by the Legislature.

**3. Same—Election—Validity.**

An election of trustees having the control of the common lands of a town, such office existing only under a colonial patent and local statutes, is legally held where it is held on the day fixed by the patent and the statutes at the established place.

Action by Horace W. Lane against Theodore Tilton to recover for trespass on the oyster beds of plaintiff, leased to him by the trustees of the common lands of the town of Southampton. Judgment for plaintiff.

Joseph T. Losee, for plaintiff.
Arington H. Carman, for defendant.

GAYNOR, J. Pursuant to the provisions of Colonial Governor Dongan's confirmatory patent dated December 10th, 1686, to the freeholders and inhabitants of the town of Southampton, and of Local Acts, c. 155, p. 140, of the Laws of 1818, and chapter 283, p. 352, of the Laws of 1831, trustees of the freeholders and commonalty of the town of Southampton continued to be elected annually on the first Tuesday of April at the place appointed by such trustees to have charge and management of the common or undivided lands of the town; until by chapter 133, p. 398, of the Laws of 1902, it was provided that beginning with the town meeting of 1903 their election should be biennial.

The lease to the plaintiff was made in June, 1902, by the trustees elected that year. The defendant claims that the lease is void, for the reason that the term of the trustees elected in 1901 was two years, and therefore continued until the town election of 1903; and for the further reason that the election of 1902, even if an election was due that year, was not duly appointed. If this be so, the defendant was not a trespasser; if it be not so, the election of trustees in 1902 was legal, the plaintiff's lease good, and the defendant therefore a trespasser.

1. I do not think the trustees elected in 1901 were elected for a term of two years. The question depends on whether the town law

as amended by chapter 481, p. 610, of the Laws of 1897, which provides for the election of town officers biennially, includes the said trustees. It includes by enumeration all of the officers to whom it applies, namely, the regular town officers, common to all of the towns of the state. It does not mention or include trustees of common lands. There are no such offices and never were except in this town and a few others. They exist under old colonial patents and local statutes, and as the general town law does not and never did deal with them expressly or by necessary implication, it cannot be construed as affecting them.

It should also be observed that the Legislature by passing the said local act of 1902 for the biennial election of the land trustees of this town, beginning with the town election of 1903, manifested that it did not consider their case covered by the town law.

2. But it is also claimed that even though the trustees were elected for only one year in 1901, their term was extended another year by the said local act of 1902. It was passed and took effect on March 13th, viz., a few weeks before the date for the annual election of trustees. But the act is not to be so construed. If it had to be, it would be unconstitutional, for the Legislature cannot extend the term of local officers, who have to be elected by the local electors or else appointed by some local authority. Const. art. 10, § 2; Matter of Burger, 21 Misc. Rep. 370, 47 N. Y. Supp. 292; People ex rel. Williamson v. McKinney, 52 N. Y. 374; People ex rel. Smith v. Weeks, 176 N. Y. 194, 68 N. E. 251.

3. The objection that the election of trustees in 1902 was void for not having been duly appointed, does not appear to be good. Prior to 1892 all of the elections of trustees were held at the regular town meeting place, which was the place appointed by the trustees in accordance with the said old patent and statutes of 1818 and 1831. In the years 1892 to 1899, both inclusive, nominees for the office were placed by the town clerk on the official ballot for town officers, and elected in that way at the town meeting election. In the year 1900 they were again elected in the old way and place by notice and appointment of the trustees. In 1901 they were again elected by being placed on the official ballot of town officers at the town election. That was a biennial town meeting under the said amendment of 1897 of the town law. In 1902 the election was again held in the old way and place, although there was no new notice of appointment of the place by the trustees. These changes of the method of electing seem to have been by common consent. The elections were always held on the first Tuesday in April, the day prescribed by the said old patent and laws, that being also town meeting day, when town officers are elected. There was, however, no town meeting day in 1902 for general town business, as only biennial town meetings were held after they came in under the said act of 1897, and one had been held in 1901, as already stated. As trustees could only be elected for one year, as we have already seen, an election was due in 1902. It was held on the day appointed by the said old patent and statutes, and at the place where such elections and the town meetings had been held on the same day for many years; as long back, probably, as

any living person could remember. The patent and statutes gave notice of the day, and the place was the regular established place. The election was therefore legally held. People ex rel. Smith v. Schiellein, 95 N. Y. 124. The fact that there was no other town business that could be done at town meeting on that day is of no importance. The qualified electors had the right to meet and elect land trustees, for their election was due that day, no statute having provided otherwise.

Judgment for the plaintiff for one dollar, the amount demanded.