PEOPLE ex rel. FLUCKIGER et al. v. HUFTALEN, Town Clerk of Unadilla.

(Supreme Court, Appellate Division, Third Department. July 8, 1913.)

TOWNS (§ 28*)—TOWN MEETING—ELECTIONS—CHANGE BY BOARD OF SUPERVISORS—AUTHORITY.

    Laws 1901, c. 391, authorizing the board of supervisors of a town to change the time of holding the biennial town meeting from spring until fall, and specifically providing that town officers elected at the time of such change shall hold office until their successors be elected and qualified, or until the 1st of January after the fall election, does not violate Const. art. 3, § 26, providing that the board of supervisors shall be elected for such period as is or may be provided by law, so that a board of supervisors could legally change the time of holding the biennial town meeting from spring until fall.

    [Ed. Note.—For other cases, see Towns, Cent. Dig. §§ 43–51; Dec. Dig. § 28.*]

Appeal from Special Term, Otsego County.

Application for mandamus by the People, on the relation of Albert Fluckiger and another, against George I. Huftalen, as Town Clerk of the Town of Unadilla, Otsego County, N. Y. From an order denying the application, relators appeal. Order affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Jerome S. Seacord, of Unadilla, for appellants.
Dennis J. Kilkenny, of Oneonta, for respondent.

SMITH, P. J. The order appealed from denied an application for a peremptory writ of mandamus to require the submission of a liquor tax question at a biennial town meeting in the town of Unadilla in February, 1913. Upon the 8th day of December, 1911, the supervisors of the county passed a resolution changing the time of the holding of the biennial town meeting from spring until fall, and the request of the petitioner was denied by the town clerk of the town of Unadilla for this reason. The Special Term has sustained the refusal of the town

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

clerk, and has held that the time for the holding of the town meeting had been lawfully changed from spring until fall.

[1] The contention of the relator upon this appeal is that the supervisors were not authorized to make the change of the time of the holding of the town meeting, and in support of their contention the appellants rely upon the case of People ex rel. Smith v. Weeks, 176 N. Y. 198, 68 N. E. 251. In that case the board of supervisors of Nassau county in April, 1901, passed a resolution providing that the biennial town meeting in the year 1903 and thereafter should be the first Tuesday after the first Monday in November. The court held this statute to be unconstitutional because it operated to extend the time of the supervisors who were then in office from the spring of 1903 until the 1st of January, 1904, and that it violated section 26 of article 3 of the Constitution, which provides that members of boards of supervisors shall be elected in such manner and for such period as is or may be provided by law. By chapter 391 of the Laws of 1901 authority is given to the board of supervisors to change the time of the holding of the biennial town meeting from spring until fall, and specific provision is therein made that town officers elected at the time of such change should hold office until their successors be elected and qualified, or until the 1st of January after the fall election. This amendment, however, was not in force at the time of the passage of the resolution considered in the case of People v. Weeks. Attention was called to that fact by the presiding judge who wrote the opinion, and it was there intimated that, if such act had been in force, the resolution would have been authorized and effective. The Constitution does not prescribe that members of the board of supervisors should be elected for a definite period, but only for such period as is provided by law, and if, as in the case at bar, the law authorizes the board of supervisors to change the time of the holding of the town meeting from spring until fall and expressly provides that those in office shall continue to hold office until their successors to be elected at the fall town meeting shall have qualified, while the period for which the supervisor is elected is an alternative period and one which may be extended by the supervisors themselves, nevertheless they are elected for a period prescribed by law strictly within Constitutional authority. An elector, when voting for the supervisor, votes for him with presumed knowledge of his authority as allowed in the statute to extend his term, and I can conceive of no valid objection to such an interpretation of the Constitutional mandate. This interpretation should, if possible, prevail because the extension of the term of the members of the board of supervisors is incidental only to the authority of the board of supervisors to change the time of the holding of the town meeting. Further, no greater extension of the term of the office was made than was reasonably necessary to the change of time of holding town meetings. It would be an unreasonable limitation to hold that a board of supervisors could only change the time of holding a town meeting to take effect possibly four years later after their terms had expired.

Nor is the decision in the Weeks Case necessarily antagonistic to this conclusion. The right there claimed to change the time of the

holding of the town meeting was under chapter 191 of the Laws of 1901. That statute is confused, and it is not therein made clear that the extension of the terms of office of the existing supervisors was expressly authorized. It is true that the Public Officers Law (Consol. Laws 1909, c. 47) then existed, and under section 5 thereof an officer elected was to continue in office until his successor had been elected and qualified. It is clear, however, that in passing that section the Legislature did not have in contemplation a case where the time of the election should be postponed, so as to provide for the election of a successor after a term of office had expired. It may well have been considered, therefore, that there had been no such explicit provision for the holding over of the town officers in office at the time of the change as to satisfy the requirement of the Constitution that a member of the board of supervisors should be elected for a period prescribed by law. In view, therefore, of the explicit provision made in chapter 391 of the Laws of 1901, and of the fact that the extension of the term of the office therein involved is only such that is reasonably incidental to the main purpose to be accomplished by the statute, I am of the opinion that the time of the holding of the town meeting was properly changed, and that the order appealed from should be affirmed with costs.

Order affirmed, with costs. All concur.

