holding of the town meeting was under chapter 191 of the Laws of 1901. That statute is confused, and it is not therein made clear that the extension of the terms of office of the existing supervisors was expressly authorized. It is true that the Public Officers Law (Consol. Laws 1909, c. 47) then existed, and under section 5 thereof an officer elected was to continue in office until his successor had been elected and qualified. It is clear, however, that in passing that section the Legislature did not have in contemplation a case where the time of the election should be postponed, so as to provide for the election of a successor after a term of office had expired. It may well have been considered, therefore, that there had been no such explicit provision for the holding over of the town officers in office at the time of the change as to satisfy the requirement of the Constitution that a member of the board of supervisors should be elected for a period prescribed by law. In view, therefore, of the explicit provision made in chapter 391 of the Laws of 1901, and of the fact that the extension of the term of the office therein involved is only such that is reasonably incidental to the main purpose to be accomplished by the statute, I am of the opinion that the time of the holding of the town meeting was properly changed, and that the order appealed from should be affirmed with costs.

Order affirmed, with costs. All concur.

---

LA PELLE v. LAHEY, Town Clerk of Long Lake.

(Supreme Court, Appellate Division, Third Department. July 8, 1913.)

Appeal from Special Term, Schenectady County.

In re application of Orren B. La Pelle against Benedict Lahey, Town Clerk, Town of Long Lake, Hamilton county, N. Y., to give notice of submission of a liquor tax question. From an order denying the application, applicant appeals. Order affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

James H. Merwin, of Utica, for appellant.
Theo. L. Cross, of Utica, for respondent.

PER CURIAM. Order affirmed, with costs upon the opinion of Smith, P. J., in case of People ex rel. Fluckiger v. Huftalen, 142 N. Y. Supp. 1012, decided herewith.

---

TRUSTEES OF VILLAGE OF BATH v. McBRIDE et al. (two cases).

(Supreme Court, Trial Term, Steuben County. July, 1913.)

1. MUNICIPAL CORPORATIONS (§ 172*)—VILLAGE TREASURER—LIABILITY FOR FUNDS.

The former treasurer of a village and his successor were both employés of a bank in which the former treasurer deposited the village funds. After the election of the successor, the former treasurer directed that the funds should be transferred to his successor, and they were thereafter carried on the books of the bank in the name of the successor, although no check for the amount was given by the former treasurer.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes