Alfred J. Loew, Individually and as Police Justice of the Village of Floral Park, Plaintiff, *v.* John McNeill, as Mayor, Louis P. Weber and Others, as Trustees, Constituting a Board of Trustees of the Village of Floral Park, Defendants.

Supreme Court, Kings County, January 3, 1939.

*Lawrence E. Degner,* for the plaintiff.

*Harold W. Weidner,* for the defendants.

Steinbrink, J.   In this action for a declaratory judgment the controversy arises out of the following facts: At the annual election held in the village of Floral Park on March 20, 1934, the plaintiff was elected to the office of police justice for a term of four years, commencing January 1, 1935, and ending December 31, 1938.   On March 15, 1938, he was elected to the same office for a further period of four years, commencing January 1, 1939, and ending

December 31, 1942. Unknown to the plaintiff or the defendants, the trustees of the village of Floral Park, there was an amendment to section 43 of the Village Law by chapter 105 of the Laws of 1938█ which became effective on March 14, 1938, or one day before the election was held. By this amendment the term of a police justice was changed from a calendar to an official year so as to conform in that respect to other elective village officers. The term of office of a police justice was to commence at noon on the first Monday following the election and continue for four official years. By section 2 of chapter 105 it was provided that the "existing terms of office of every village police justice shall be extended to noon on the first Monday in the month following the annual election in such village next succeeding the expiration of such term and thereafter the term of such office shall begin and terminate" as provided above. It was provided further that "nothing contained herein shall be construed to limit the powers or reduce the term of office of a village police justice now in office." After the election of March 15, 1938, the defendants filed a certificate in the office of the clerk of the village of Floral Park declaring the plaintiff elected to the office of police justice for a term of four years commencing January 1, 1939. Notice of such election was duly given to the plaintiff by the said clerk. On December 6, 1938, the defendants by resolution declared that the present term of the plaintiff's office would terminate on the first Monday of April, 1939, and that a vacancy would thereafter exist, to fill which an election would be held on the village election day in 1939.

In view of the foregoing situation all of the parties join in the request for a declaratory judgment.

Article X, section 2, of the State Constitution provides in part that every village officer "whose election or appointment is not provided for by this Constitution shall be elected by the electors of such * * * villages, * * * or appointed by such authorities thereof, as the Legislature shall designate for that purpose."█ The object of this provision was to insure the right of local self-government to recognized political and civil divisions of the State. While the Legislature could declare which offices shall be elective and which appointive, it was without power to extend the term of an elective officer beyond that for which he was elected, for any attempt to exert such power would involve the usurpation

of the right of local self-government in violation of the foregoing constititional provision. (*People ex rel. Lovett* v. *Randall*, 151 N. Y. 497; *People ex rel. 'Eldred* v. *Palmer*, 154 id. 133.)

Section 2 of chapter 105, in purporting to extend the term of incumbent village police justices beyond the term for which they were elected, must, therefore, be declared void. With section 2 of the amendment void, may effect be given to section 1 alone? The Legislature intended to introduce uniformity with respect to the terms of elective village officers. By direct expression such uniformity was not to be achieved through curtailment of office of incumbent police justices. If the first section of chapter 105 were permitted to stand alone, plaintiff, who was elected on March 15, 1938, would take office on the first Monday of April, 1938, thus effecting a curtailment of some nine months in his first term of office, which otherwise would have expired on December 31, 1938. This would result in a frustration of the obvious intent of the Legislature. It would accomplish the very result sought to be avoided. Since both parts of chapter 105 are so closely interdependent that one part cannot be permitted to stand alone without a complete disruption in the legislative scheme, the entire amendment is declared inoperative and the plaintiff's election is held to have been governed by section 43 of the Village Law as it existed prior to the amendment. Proceed accordingly.