In the Matter of MAURICE A. FITZGERALD, Petitioner, against S. HOWARD COHEN and Others, as Commissioners of the Board of Elections of the City of New York, Respondents.

Supreme Court, Special Term, Queens County, September 9, 1940.

*Sydney Rosenthal,* for the petitioner.

*William C. Chanler, Corporation Counsel,* for the respondents.

STEINBRINK, J. In the general election of 1937 petitioner was elected to the office of sheriff of Queens county for a term of three years expiring on December 31, 1940. During his incumbency, section 15 of article 9 of the Constitution of the State of New York was amended to read as follows:

"(Election of city officers and certain county officers to be held in odd-numbered years.) § 15. All elections of city officers, including supervisors, elected in any city or part of a city, and of county officers elected in any county wholly included in a city, except to fill vacancies, shall be held on the Tuesday succeeding the first Monday in November in an odd-numbered year, and the term of every such officer shall expire at the end of an odd-numbered year. This section shall not apply to elections of any judicial officer."

In view of this amendment, the petitioner seeks a judicial determination of his status from January 1, 1941, to December 31, 1941, by way of a petition for an order restraining the board of elections from printing, distributing and using in the Democratic primaries, ballots which do not contain the name of the petitioner as a candidate for the office of sheriff of Queens county.

It will be noted that the amendment contains no express provision continuing the incumbent's term to the end of the odd-numbered year, and no such provision may be implied, particularly in view of the fact that upon the adoption of like amendments in the past, provision was expressly made for the extension of the incumbent's term of office until the end of the odd-numbered year. (See former art. 12, § 6.) Furthermore, such extensions by implication are not favored by the courts. (*People* v. *Fitzgerald,* 180 N. Y. 269; *Loew* v. *McNeill,* 170 Misc. 647; affd., 279 N. Y. 806.)

It follows, therefore, that the petitioner's term of office will expire at the end of 1940, but since under section 15 of article 9 an election may be held only in an odd-numbered year, the question to be

determined is whether the vacancy, if any, existing on January 1, 1941, is to be filled by the Governor or at the coming general election.

Section 11 of article 13 of the Constitution provides that the Legislature may declare the cases in which any office shall be deemed vacant, where no provision is made for that purpose in the Constitution. In accordance therewith the Legislature, by section 30 of the Public Officers Law, has defined the existence of vacancies in office upon the happening of specified events, none of which include the expiration of a term by reason of adoption of the constitutional amendment, here considered.

It may be noted at this point that under section 8 of article 9 of the Constitution, the city of New York is vested with power to abolish the office of any county officer other than judges, clerks of counties and district attorneys. A petition has been filed with the object of submitting to the electorate a proposition for the abolition of such county offices. This proposal, if carried, will result in the abolition of the office of sheriff of Queens county, and consequently even the anticipated vacancy in such office may not come to pass. This contingency suggests a practical reason for deferring any action until January 1, 1941.

Section 8 of article 13 of the Constitution directs the Legislature to provide for the filling of vacancies in office and, in case of elective offices, provides that no person appointed to fill a vacancy shall hold his office by virtue of such appointment longer than the commencement of the political year next succeeding the first annual election after the happening of the vacancy.

Section 180 of article 10 of the County Law, enacted pursuant to this constitutional authority, empowers the Governor to appoint a sheriff when a vacancy shall occur in such office, and the person so appointed shall hold the office until and including the last day of December succeeding the first annual election thereafter, at which such vacancy can lawfully be filled.

Under section 5 of article 9 of the Constitution the Legislature might have made some provision for filling the vacancy by an election conducted in even-numbered years, but having failed to do so, recourse must be had to section 180 of article 10 of the County Law, the only available statutory machinery for filling such vacancy.

Accordingly, I conclude that the vacancy, if any such occurs on January 1, 1941, must be filled by gubernatorial appointment. The motion is denied.