In the Matter of PHILIP J. HUTCHINGS, as Police Justice of the Village of East Rochester, Petitioner. LAWRENCE S. QUINN, Respondent.

Supreme Court, Special Term, Monroe County, June 30, 1955.

*William L. Clay* for petitioner.

*Robert Weiner* for respondent.

JAMES C. O'BRIEN, J.  At the annual village election held in the village of East Rochester, Monroe County, on March 15, 1955, the petitioner, Philip J. Hutchings, was elected Police Justice of the village.  Based on his contention that his term of office began on April 5, 1955, he demanded of his predecessor,

the respondent, Lawrence S. Quinn, the books, records and papers belonging to the office of Police Justice and brings this proceeding to enforce his demand.

Respondent takes the position that petitioner's term of office has not yet begun and that for that reason he is not entitled to the relief demanded. Respondent also contends that since there is a bona fide dispute as to the title to office, the only method by which that dispute can be resolved is pursuant to article 75 of the Civil Practice Act.

At the election held on March 15, 1955, the petitioner was elected to succeed the respondent as Police Justice. Accordingly petitioner's term begins at the expiration of respondent's term. To determine the date of such expiration it is necessary to construe section 43 of the Village Law as amended from time to time, and its application to the facts before us.

Section 43 of the Village Law, as amended by chapter 366 of the Laws of 1933, fixed the term of Police Justice of a village for four *calendar* years (emphasis supplied). The term began on the 1st day of January next succeeding the annual election, despite the fact that the term of every other village officer began at noon on the first Monday of the month following the annual election.

The section was amended in 1938 (ch. 105) with the purpose of making the terms of office of all village officials begin at the same time. By that amendment the Legislature provided that thereafter terms of Police Justices would be for *official* years (emphasis supplied). The official year begins at noon on the first Monday of the month following the annual election and ends at noon on the same Monday of the next calendar year. In order to accomplish the result intended it also provided that the existing term of every village Police Justice " shall be extended to noon on the first Monday in the month following the annual election in such village next succeeding the expiration of such term and thereafter the term of such office shall begin and terminate as provided by section forty-three of the village law as amended by this act."

This amendment was held invalid as being violative of the New York State Constitution (art. IX, § 8), because it extended the term of the incumbent Police Justices beyond the term for which they had been elected by the People. (*Loew* v. *McNeill*, 170 Misc. 647, affd. 279 N. Y. 806.)

Section 43 was again amended in the year 1939 (chs. 323, 511, eff. April 20, 1939, May 25, 1939). The portion with which we are concerned reads as follws: " The term of each village

officer begins at noon on the first Monday in the month following the annual election, except that police justices in office when this section as hereby amended takes effect shall continue in office until the expiration of their terms and, at the annual village election preceding the expiration of the term of office of any such incumbent police justice, there shall be elected to such office a successor of such incumbent police justice for a term to commence upon the expiration of the term of such incumbent police justice and end at noon on the first Monday in the month following the annual village election in the fifth calendar year following and thereafter the successors of the police justice so elected shall be elected for terms of four official years.''

In the year 1953 (ch. 864, eff. April 20, 1953), the section was again amended and reads in part as follows: '' An ' official year ' begins at noon on the first Monday in the month following the annual election and ends at noon on the same Monday in the next calendar year. The term of office of   *   *   *   a police justice, [shall be] four official years, except that any police justice in office when this section as hereby amended takes effect who has been elected for a term of four calendar years shall continue in office until the expiration of his term and, at the annual village election preceding the expiration of the term of office of any such incumbent police justice, there shall be elected to such office a successor of such incumbent police justice for a term to commence upon the expiration of the term of such incumbent police justice and end at noon on the first Monday in the month following the annual village election in the fifth calendar year following, and the successors of the police justice so elected shall be elected for terms of four official years.''

Eugene Goddard was re-elected in March, 1939, in March, 1943, and in March, 1947, to the office of Police Justice of East Rochester. He resigned the office December 31, 1948. The respondent, Lawrence S. Quinn, was elected in March, 1949, for the balance of Goddard's unexpired term. Quinn was again elected in March, 1951, and Hutchings (the petitioner), in March, 1955. Apparently it is conceded that Goddard's election in 1939 resulted in a term beginning January 1, 1940, and ending on December 31, 1943. We now consider the effect of the 1943 re-election of Goddard. If the 1939 amendment to section 43 of the Village Law is construed to apply to the term for which Goddard was re-elected in March, 1943, that term of office would begin in January, 1944, and expire on the first Monday of April in the year 1948. If such amendment did not apply to Goddard's re-election in March, 1943, his term of office would expire on

December 31, 1947. I have concluded that the 1939 amendment which was effective May 25, 1939, sometime after Goddard's election, did not apply to him nor to him as successor to himself. (*People ex rel. Lovett* v. *Randall*, 151 N. Y. 497, 500; *Loew* v. *McNeill*, 170 Misc. 647, affd. without opinion 279 N. Y. 806, *supra*.) In the case of *People ex rel. Lovett* v. *Randall* (*supra*), the court considered a statute which purported to extend from one year to two years the term of office of a town commissioner of highways who was in office at the time of its passage. It was held that the effect of this legislation would be to keep him in office virtually by legislative appointment. It was held invalid because the Legislature has no power to appoint a town officer and in effect the Legislature, by extending his term after he had been elected, was appointing him.

This construction of the 1939 amendment of section 43 (that is, declining to apply it to persons in office when it was passed) has been favored by the State Comptroller (7 Op. St. Comptroller [1951], p. 80, Op. 5085; 9 Op. St. Comptroller [1953], p. 234, Op. 6223); also opinion of Milton Alpert, assistant attorney-general, dated March 25, 1955, addressed to Leonard D. Marafioti, village attorney, being Exhibit B attached to answering affidavit of Robert W. Schick, read by the respondent on this motion). This construction is not altogether free from doubt (see 1945 Atty. Gen. [Inf.] 92, Village of Larchmont).

If the term of office resulting from the election in March, 1943, and subsequent elections terminated, as petitioner contends, in April, 1948, and in April of each fourth year thereafter, then there is called into serious question the validity and effect of the elections held in March, 1947, and each four years thereafter, by reason of the fact that section 50 of the Village Law requires that elective offices shall be filled at the annual election *next preceding* the expiration of the terms thereof. Accordingly such a construction might well result in declaring that all those elections were void. Also since the solution of our problem requires a construction of the 1939 amendment, it seems reasonable that we should take into account the legislation subsequently passed. Accordingly we consider the meaning and the intended application of the 1953 amendment. Petitioner's construction of the 1939 amendment necessarily makes it applicable to every Police Justice elected after the amendment became effective. Between the 1939 amendment and the amendment of 1953, fourteen years elapsed. Therefore by 1953, there could not conceivably remain in office in the State any Police Justice who had been elected on a calendar year basis, if petitioner's

construction of the 1939 amendment is correct. In that event there could not be any reasonable object or purpose in enacting the 1953 amendment. It seems a necessary conclusion that the Legislature felt that the 1939 amendment did not apply to a situation such as the one existing in the village of East Rochester and for that reason and to effect the transition from a calendar year basis to an official year, considered it necessary to pass the 1953 amendment.

Accordingly we conclude that when J. Eugene Goddard was elected in March, 1943, his term of office ran from January 1, 1944, to December 31, 1947. He was re-elected in March, 1947, for a term from January 1, 1948, to December 31, 1951. Respondent's election in March, 1949, was for the balance of Goddard's term, which expired December 31, 1951. Quinn's re-election in March, 1951, was for a term beginning January, 1952, and expiring December 31, 1955, and petitioner's election in March, 1955, is for a term beginning January, 1956, and expiring the first Monday of the month after the village general election in the year 1960.

Part of petitioner's argument is to the effect that Goddard neglected to file his official oath of office for the entire period from December 31, to May 24, 1944, and by reason of that fact, during that period of time the office of Police Justice was vacant, with the result, among other things, that petitioner's term of office would begin in April, 1955. Considering together both affidavits on this subject of the filing, which are submitted by the opposing parties, we feel that it is not definitely established that the official oaths of office were not filed during the period in question.

In view of the foregoing determination that petitioner's term of office has not yet begun, we find it unnecessary to consider and pass upon the procedural objection of the respondent to the effect that this proceeding is not maintainable. The application of the petitioner is denied, without costs. Attorney for respondent will submit order approved as to form by attorney for the petitioner; if he fails to secure such approval, form of order can be settled on five days' written notice.